[No. 10219.   Department One.   September 28, 1912.]

CHARLES SMITH, *Appellant*, v. QUINAULT LUMBER COMPANY, *Respondent*.[1]

MASTER AND SERVANT—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE. In an action for personal injuries sustained by an employee in a mill when a slasher saw exploded, the plaintiff is shown to be guilty of contributory negligence precluding any recovery, where it appears that the saw was in good condition, that he fed the saw a slab in a slanting position, contrary to orders, knowing that it was liable to break the saw and thinking he would take the chance.

Appeal from a judgment of the superior court for Pacific county, Sol Smith, J., entered July 11, 1911, upon the verdict of a jury rendered in favor of the defendant by direction of the court, in an action for personal injuries sustained by an employee through the breaking of a saw. Affirmed.

*Chas. E. Miller*, for appellant.

*Welsh & Welsh*, for respondent.

CROW, J.—Action by Charles Smith against Quinault Lumber Company, a corporation, to recover damages for

[1]Reported in 126 Pac. 641.

personal injuries. The trial judge sustained the defendant's motion for a directed verdict, and dismissed the action. The plaintiff has appealed.

The only question presented is whether there was sufficient evidence to submit to the jury. Appellant, who was employed as offbearer in respondent's sawmill, worked upon a table behind an edger, where his duties consisted in pushing slabs and lumber upon slasher chains which conveyed them to slasher saws to be cut into required lengths. There were nine slasher saws. While appellant was engaged in this work, one of the saws exploded, and he was injured by a flying piece of the saw, which struck his arm. He contended that the saw was old, cracked, unsafe, and unfit for use; that it was not properly guarded, and that respondent, knowing these defects, did not furnish him a safe place in which to work. The trial judge directed a verdict and dismissed the action, for the reason that appellant failed to produce evidence of any defect in the saw, or of any negligence on respondent's part, and for the further reason that appellant's negligence was the proximate cause of the accident. Appellant contended that the saw had not been changed for fourteen days; that it was dull; that it was not cutting the slabs, and that he so informed respondent's foreman.

Undisputed evidence of experienced mill men and saw filers, some of them appellant's witnesses, was that the saw must have exploded; that saws would not explode unless slabs were passed to them upon the chains in an angling position; that to have slabs meet saws in that manner would cause them to strain, buckle, and explode; and that the saw which injured plaintiff did explode. The saw of which appellant complained was, by stipulation of the parties, introduced in evidence as an exhibit, and was examined by experienced mill men and saw filers who testified that it had exploded; that its condition disclosed the fact to be that, immediately prior to its explosion, it was in good repair; that its teeth were

sharp; that it had not been cracked; that had it been cracked it would not have exploded, but would have continued revolving upon its rim. Undisputed evidence further shows that it was appellant's duty to direct the slabs and see that they were placed on the chains in such a manner as would cause them to meet the saws at right angles; that he knew this to be his duty; that he knew the slabs, if permitted to meet the saws in an angling position, would cause them to explode; that he was provided with a pole and hook with which to guide them, and also with a rope by which he could control and instantaneously stop the chains. Appellant testified as follows:

"The slab that caused the saw to break was about 2 x 5 on one end and 2 x 4 on the other and from six to ten feet long. I had just cleared off the table and thrown all the bark down on the chains and just immediately before that there was a great large slab went through the saw. The one that caused the saw to break did not go through straight, but went through slanting. I could have stopped the chains and straightened it either by getting down on the chains or by using a long pole with a hook on the end of it which the defendant had provided me with which to straighten the slabs, but I did not think the slab was large enough to break the saw and I thought I would take the chance. Mr. Olson, the defendant's foreman, told me to be more careful and not to run the slabs through slanting for two reasons, first, that they would break the saw if run through slanting, and, second, he wanted them run through straight because he was using the slabs for lath material and they must be cut straight."

This evidence without dispute shows that appellant was negligent, and that his negligence was the proximate cause of the accident.

The judgment is affirmed.

CHADWICK and PARKER, JJ., concur.